# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL POPE, JR., AIS #265261,    )<br>    Plaintiff,    )<br>    )<br>v.    )<br>    )<br>COI SMITH, *et al.*,    )<br>    Defendants.    ) | CIVIL ACTION NO. 13-00345-KD-C |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation (Doc. 45) to which objection (Doc. 46) is made, the Report and Recommendation (Doc. 45) of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated April 1, 2014, is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that the motions for summary judgment filed by Defendants COI Mack Smith (Docs. 21-22, 27) and COI James Sizemore (Docs. 24-25, 34) are **GRANTED** and that Plaintiff's claims against them in this action are **DISMISSED with prejudice**.

The Report and Recommendation, however, did not address Plaintiff's claims against Defendant Alabama Department of Corrections ("ADOC"), and a review of the record reveals no other order or entry dismissing ADOC as a party. Accordingly, Plaintiff's claims against ADOC currently remain pending. However, ADOC has also moved for summary judgment (see Docs. 21-22, 27),[1] and the undersigned finds that Plaintiff's claims against it are easily resolved in favor of ADOC.

---

[1] Both ADOC and COI Smith filed a joint Answer (Doc. 21) and Special Report (Doc. 22), which were converted to a motion for summary judgment by order of the Magistrate Judge entered November 7, 2013 (Doc. 27). However, the November 7, 2013 docket entry creating an active motion from the Answer and Special Report mistakenly omits ADOC as a party to the motion and reads "MOTION for Summary Judgment (converting doc. 21 & 22) by COI Smith" only.

With some exceptions, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted). ADOC is a department of the State of Alabama. See Haley v. Barbour Cnty., 885 So. 2d 783, 788 (Ala. 2004).

> The courts have recognized two exceptions to eleventh amendment immunity. First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 238, 105 S. Ct. 3142, 3145, 87 L. Ed. 2d 171 (1985). Second, a state may waive its immunity expressly through legislative enactment. "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984).

Carr v. City of Florence, Ala., 916 F.2d 1521, 1524-25 (11th Cir. 1990) (footnote omitted).

Neither of these exceptions applies in this case to ADOC. "Congress has not abrogated eleventh amendment immunity in section 1983 cases." Id. at 1525 (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)). Moreover, "[s]tates … no longer need to rely exclusively on eleventh amendment immunity to avoid liability … in section 1983 cases. In Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states … are not "persons" subject to liability under 42 U.S.C. § 1983." Id. at n.3 (11th Cir. 1990). In addition, "[t]he state of Alabama has not waived its immunity. Article 1, section 14 of the Alabama Constitution of 1901 expressly states that 'the State of Alabama shall never be made a defendant in any court of law or equity.' "[2] Id. at 1523 (internal citations

---

[2]

> Section 14, Ala. Const. 1901, provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." This section affords the State and its agencies an "absolute" immunity from suit in any court. Ex parte Mobile County Dep't of Human Res., 815 So. 2d 527, 530 (Ala. 2001) (stating that Ala. Const. 1901, § 14, confers on the State of Alabama and its agencies absolute immunity from suit in any court); Ex parte Tuscaloosa

omitted).³ As for Plaintiff's claims under 18 U.S.C. §§ 241-42, the Magistrate Judge has already found them frivolous as a matter of law, as they are criminal statutes providing Plaintiff no private civil cause of action (See Doc. 45 at 19-20, § III.C); regardless, no waiver of Eleventh Amendment immunity has been shown as to these claims either.

As ADOC is entitled to Eleventh Amendment immunity on all of Plaintiff's claims, it is **ORDERED** that ADOC's motion for summary judgment (Docs. 21-22, 27) is also **GRANTED** and that Plaintiff's claims against ADOC are **DISMISSED with prejudice**.

Final judgment in accordance with this Order and Federal Rule of Civil Procedure 58 shall issue by separate document.

**DONE** and **ORDERED** this the **1st** day of **May 2014**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

County, 796 So. 2d 1100, 1103 (Ala. 2000) ("Under Ala. Const. of 1901, § 14, the State of Alabama has absolute immunity from lawsuits. This absolute immunity extends to arms or agencies of the state...."). Indeed, this Court has described § 14 as an "almost invincible" "wall" of immunity. Alabama State Docks v. Saxon, 631 So. 2d 943, 946 (Ala. 1994). This "wall of immunity" is "nearly impregnable," Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002), and bars "almost every conceivable type of suit." Hutchinson v. Board of Trustees of Univ. of Ala., 288 Ala. 20, 23, 256 So. 2d 281, 283 (1971).

Haley v. Barbour Cnty., 885 So. 2d 783, 788 (Ala. 2004)

³ "A third exception [to Eleventh Amendment immunity ]is available in limited circumstances. Prospective injunctive relief may be sought in 'a suit challenging the constitutionality of a state official's action.' Pennhurst, 465 U.S. at 102, 104 S. Ct. at 909 (discussing Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). See also Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985) …" Carr, 916 F.2d at 1525 n.2. As the Magistrate Judge noted in his Report and Recommendation, while Plaintiff has sought injunctive and declaratory relief in this action, he appears to base the request for such relief on statutory (specifically, 18 U.S.C. §§ 241-42) rather than constitutional grounds (see Report & Recommendation, Doc. 45 at 19, § III.B). Regardless, ADOC is not a proper party against which to apply this exception. See Graham, 473 U.S. at 169 n.18 (1985) ("In an injunctive or declaratory action grounded on federal law, the State's immunity *can* be overcome by naming state officials as defendants." (citing Pennhurst)).